FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 26 2023

TAMMY H. DOWNS, CLERK
By:_____ DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

ROBERTA MOLLER,

    Plaintiff,

v.

CAPITAL ONE BANK, N.A., EXPERIAN INFORMATION SOLUTIONS, and EQUIFAX, INC.

    Defendants.

Case No. 4:23-cv-493-KGB

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

This case assigned to District Judge Baker
and to Magistrate Judge Ervin

# COMPLAINT

NOW COMES Plaintiff, ROBERTA MOLLER ("Plaintiff"), by and through her attorneys, hereby alleging the following against Defendants CAPITAL ONE BANK, N.A. ("CAPITAL ONE"), EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN"), and EQUIFAX, INC., ("EQUIFAX") (collectively referred to as "Defendants"):

### Nature of the Action

1.     This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

### Parties

2.     Plaintiff is a natural person at all times relevant residing in Polk County, in the City of Mena, in the State of Arkansas.

3. At all times relevant, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681(a)(c).

4. Defendant CAPITAL ONE is a nationally chartered bank doing business in the state of Arkansas, with its principal place of business located in McLean, Virginia.

5. Defendant CAPITAL ONE is a "person" as defined by 47 U.S.C. §153 (39).

6. CAPITAL ONE is a "Furnisher" as defined by 16 C.F.R. § 660.2(c).

7. Defendant EXPERIAN is a corporation conducting business in the State of Arkansas and is headquartered in Irvine, California.

8. Defendant EXPERIAN is a "person" as that term is defined by a consumer reporting agency as that term is defined 15 U.S.C. § 1681a(b).

9. Defendant EXPERIAN is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

10. Defendant EXPERIAN furnishes such consumer reports to third parties under contract for monetary compensation.

11. Defendant EXPERIAN is a "consumer reporting agency" ("CRAs") as that term is described in 15 U.S.C. § 1681a(f).

12. Defendant EQUIFAX is a corporation conducting business in the State of Arkansas and is headquartered in Atlanta, Georgia.

13. Defendant EQUIFAX is a "person" as that term is defined by a consumer reporting agency as that term is defined 15 U.S.C. § 1681a(b).

14. Defendant EQUIFAX is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

15. Defendant EQUIFAX furnishes such consumer reports to third parties under contract for monetary compensation.

16. Defendant EQUIFAX is a "consumer reporting agency" ("CRAs") as that term is described in 15 U.S.C. § 1681a(f).

17. At all times relevant to this Complaint, Defendants acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

**Jurisdiction and Venue**

18. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

19. Venue is proper pursuant to 28 U.S.C § 1391(b) as the conduct giving rise to this action occurred in this District because Plaintiff resides within this

District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

### Factual Allegations

20. Plaintiff is a consumer who is the victim of inaccurate reporting by CAPITAL ONE, EXPERIAN, and EQUIFAX and has suffered particularized and concrete harm.

21. CRAs, including EXPERIAN and EQUIFAX, have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(b).

22. Further, Furnishers have a duty to conduct a reasonable investigation and follow the procedures prescribed by 15 U.S.C. §§ 1681s2-(b)(1)(A) through (E) when notified of a consumer dispute sent to a CRA.

23. This matter involves the reporting of a credit card account Plaintiff had with CAPITAL ONE, ending in 3870 (the "Account").

24. After suffering from financial hardship and having become delinquent on the account, Plaintiff and CAPITAL ONE agreed to settle the outstanding balance of the Account.

25. The terms of the settlement called for twenty-four (24) payments to be made by Plaintiff in order to settle the outstanding balance of the Account.

26. Plaintiff made all the payments required under the agreement.

27. However, when Plaintiff reviewed her credit reports in August 2022, Plaintiff observed that EXPERIAN and EQUIFAX reported the Account as having an outstanding balance of $2,460.00.

28. Knowing the account to have been paid in full and with zero balance owed, Plaintiff disputed this inaccuracy with EXPERIAN and EQUIFAX in letters dated August 22, 2022.

29. In addition to providing personal details to help EXPERIAN and EQUIFAX locate her credit file(s) and the account number of the Account, Plaintiff explained:

> I settled this account and paid off the settlement. I am attaching this settlement letter to this document along with proof of payments. This account referenced above has since been paid off. This account should now reflect a zero-balance going forward. I request in writing that the balance of the above account be changed to a zero balance instead of continuing to reflect a balance, in accordance with the FCRA.

30. As stated in her letters, Plaintiff included proof of the agreement with CAPITAL ONE and proof of the payments to CAPITAL ONE.

31. Upon information and belief, pursuant to their duties under 15 U.S.C. § 1681(a)(2)(A), EXPERIAN and EQUIFAX notified CAPITAL ONE of Plaintiff's dispute within five days of receiving notice of the dispute and would have included the documentation provided with Plaintiff's dispute letter.

32. However, despite the dispute letters and accompanying proof of the inaccuracies being reported by Defendants, EXPERIAN and EQUIFAX continued to report the inaccurate information regarding the Account.

33. So, again, Plaintiff sent dispute letters with the same accompanying documents to EXPERIAN and EQUIFAX on October 18, 2022.

34. Upon information and belief, pursuant to their duties under 15 U.S.C. § 1681(a)(2)(A), EXPERIAN and EQUIFAX notified CAPITAL ONE of Plaintiff's dispute within five days of receiving notice of the second dispute and would have included the documentation provided with Plaintiff's dispute letter

35. However, despite the second dispute letter and accompanying proof of the inaccuracies being reported by Defendants, EXPERIAN and EQUIFAX continued to report the inaccurate information regarding the Account.

36. Defendants' failure to report the Account correctly as being paid with no outstanding balance have harmed Plaintiff's credit scores and would, at the least, mislead any third-party reviewing Plaintiff's credit history.

37. As of May 2023, EXPERIAN and EQUIFAX continue to report the Account incorrectly as having a balance owed.

38. The aforementioned information reported by EXPERIAN and EQUIFAX regarding the Account with CAPITAL ONE is inaccurate, or otherwise misleading, and is averse to Plaintiff's ability to obtain credit.

39. If CAPITAL ONE would have complied with its statutory duties, the incorrect information regarding the Account would not have been reported.

40. Further, after receiving Plaintiff's disputes concerning the inaccurate information of the Account, EXPERIAN and EQUIFAX are required to follow reasonable procedures in its reinvestigation of the Account to assure maximum possible accuracy in the preparation of the credit report and credit file(s) it published and maintained concerning Plaintiff. 15 U.S.C. § 1681e(i).

41. If EXPERIAN and EQUIFAX would have complied with their statutory duties, the inaccurate information concerning the Account would have been updated to reflect the Account as having a zero balance.

42. As a result of this conduct and action and inaction of Defendants, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit, and mental and emotional distress.

43. Further, Plaintiff has been hesitant to apply for any new credit until this inaccuracy is resolved because she understands that applying for credit and the denial of credit would cause her additional harm to her credit profile and score.

## COUNT I – EXPERIAN
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

44. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-43.

45. After receiving Plaintiff's dispute, EXPERIAN failed to consider the nature of the dispute letters or the accompanying documentation Plaintiff sent it to help EXPERIAN update the Account's reporting.

46. EXPERIAN violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EXPERIAN published and maintained concerning Plaintiff.

47. As a result of this conduct, action and inaction of EXPERIAN, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

48. EXPERIAN's conduct, action, and inaction were willful, rendering Defendant EXPERIAN liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

49. In the alternative, EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

50. Plaintiff is entitled to recover costs and attorneys' fees from EXPERIAN, pursuant to 15 U.S.C. §1681n and/or §1681o.

///

## COUNT II – EXPERIAN
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

51. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-50.

52. After receiving Plaintiff's dispute, EXPERIAN failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

53. Defendant EXPERIAN violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies and in failing to conduct a reasonable reinvestigations.

54. As a result of this conduct, action and inaction of EXPERIAN, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

55. EXPERIAN's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

56. In the alternative, Defendant EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

57. Plaintiff is entitled to recover costs and attorneys' fees from Defendant EXPERIAN pursuant to 15 U.S.C. §1681n and/or §1681o.

/ / /

## COUNT III – EQUIFAX
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

58. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-57.

59. After receiving Plaintiff's dispute, EQUIFAX failed to consider the nature of the dispute letters or the accompanying documentation Plaintiff sent it to help EQUIFAX update the Account's reporting.

60. EQUIFAX violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EQUIFAX published and maintained concerning Plaintiff.

61. As a result of this conduct, action and inaction of EQUIFAX, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

62. EQUIFAX's conduct, action, and inaction were willful, rendering Defendant EQUIFAX liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

63. In the alternative, EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

64. Plaintiff is entitled to recover costs and attorneys' fees from EQUIFAX, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT IV – EQUIFAX
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

65. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-64.

66. After receiving Plaintiff's dispute, EQUIFAX failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

67. Defendant EQUIFAX violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies and in failing to conduct a reasonable reinvestigations.

68. As a result of this conduct, action and inaction of EQUIFAX, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

69. EQUIFAX's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

70. In the alternative, Defendant EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

71. Plaintiff is entitled to recover costs and attorneys' fees from Defendant EQUIFAX pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT V– CAPITAL ONE, N.A.
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681s-2(b)

72. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-71.

73. After receiving Plaintiff's dispute, CAPITAL ONE failed to reasonably investigate its reporting of the information regarding the Account reporting on Plaintiff's consumer report.

74. CAPITAL ONE violated 15 U.S.C. §1681s-2(b) by failing to conduct an investigation with respect to the information disputed by Plaintiff, by failing to review all relevant information regarding Plaintiff's dispute, by failing to accurately report the results of the investigation to EXPERIAN and EQUIFAX, and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of CAPITAL ONE representations to the CRAs.

75. As a result of this conduct, action, and inaction of CAPITAL ONE, N.A., Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with

Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

76. CAPITAL ONE conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

77. In the alternative, CAPITAL ONE was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

78. Plaintiff is entitled to recover costs and attorneys' fees from CAPITAL ONE pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

**Prayer For Relief**

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendants for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED,

Dated: May 25, 2023     By: _____
Jeffrey Lohman, Bar #032315
The Law Offices of Jeffrey Lohman
41185 Golden Gate Circle, Suite 108
Murrieta, CA 92562
Tel: (657) 500-4314
Fax: (877) 536-0159
Email: JeffL@jlohman.com
Attorney for Plaintiff